**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN CLARK,

      Petitioner,

v.                                                              Case No. 8:26-cv-1933-JLB-SPF

WARDEN, AVON PARK
CORRECTIONAL INSTITUTION,

      Respondent.
_____/

## ORDER OF DISMISSAL

Mr. Clark, a Florida prisoner, petitions for the writ of habeas corpus (Doc. 1) and moves for leave to proceed *in forma pauperis*. (Doc. 2). He petitions under 28 U.S.C. § 2241. (Doc. 1).

Because Mr. Clark is imprisoned under a state court judgment, this action must proceed under 28 U.S.C. § 2254 and cannot proceed solely under section 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that a petition "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied*, 541 U.S. 1032 (2004); *Bey v. Sec'y, Dep't of Corr.*, 2026 WL 811216, at *1 (M.D. Fla. Mar. 24, 2026) ("[T]he Eleventh Circuit Court of Appeals has determined that 28 U.S.C. § 2254 is the appropriate manner by which state prisoners 'in

custody pursuant to judgment of a State court' must challenge their convictions." (citing *Medberry*, 351 F.3d at 1060−61)).

Accordingly, Mr. Clark's action under section 2241 is **DISMISSED**. The motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.   The clerk must send to Mr. Clark both the form for a petition for the writ of habeas corpus under section 2254 and the form for a motion for leave to proceed *in forma pauperis*.   Clark must use the required forms to initiate a new action under section 2254 in a new case with a new case number.   The clerk is **DIRECTED** to close this case.

**DONE and ORDERED in Tampa, Florida, on July 10, 2026**.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2